UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARON K. HATCHER, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 2:19-cv-184-RDP |
| BIRMINGHAM JEFFERSON COUNTY TRANSIT AUTHORITY, | } } } } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss or Alternatively for Judgment on the Pleadings (Doc. # 7)[1] and Motion to Strike (Doc. # 9). The Motions have been fully briefed (Docs. # 8, 11, 13-15, 19-20[2]) and are ripe for decision. After careful review, and for the reasons explained below, the court concludes that the Defendant's Motion to Strike is due to be denied, and its Motion to Dismiss is due to be granted.

**I.     Background**

Plaintiff, Baron K. Hatcher, alleges that he is a homosexual (Doc. # 4 at ¶ 5) and claims that Defendant discriminated against him based on his sexual orientation in violation of Title VII

---

[1] Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Federal Rule of Civil Procedure 12(c). Instead of filing an answer, Defendant filed the subject Motion to Dismiss or Alternatively for Judgment on the Pleadings (Doc. # 7). Defense counsel has conceded, and the court agrees, that its Motion (Doc. # 7) is properly construed as a Motion to Dismiss. The court also notes that, in any event, a Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Philips v. Cent. Fin. Control*, 2018 WL 3743221, at *2 (N.D. Ala. Aug. 7, 2018).

[2] On June 3, 2019, the court held a Scheduling Conference and discussed Defendant's Motion to Dismiss with the parties. Following the conference, the court ordered supplemental briefing on how recent Eleventh Circuit caselaw affects Plaintiff's Title VII claims. (Doc. # 18). *See Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017); *see also Bostock v. Clayton Cty. Bd. of Commissioners*, 723 F. App'x 964 (11th Cir. 2018), *cert. granted*, 139 S. Ct. 1599 (U.S. April 22, 2019) (No. 17-1618).

1

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (*See generally* Doc. # 4). He also claims that he complained about mistreatment aimed at him because of his sexual orientation and that he was retaliated against for doing so. (*Id*. at ¶ 7). As a result, Plaintiff asserts a retaliation claim under 42 U.S.C. § 2000e-3(a). (*Id*. at ¶ 18).[3] In support of these claims, Plaintiff alleges the following facts in his Amended Complaint.

Plaintiff, a homosexual male, has worked as a Bus Operator with Defendant Birmingham-Jefferson County Transit Authority since July of 1991. (Doc. # 4 at ¶ 5). Plaintiff asserts that although he is the sixth most senior employee, Defendant "regularly and consistently discriminated against [him] because of his homosexuality." (*Id*. at ¶ 6).

Specifically, Plaintiff alleges that two of his female coworkers, Cortessa Bell and Tenesha Williams, discriminated against him by neglecting to assign him unscheduled overtime work on the same basis as other non-homosexual drivers. (*Id*. at 2-3). Plaintiff claims that Defendant prepares the bus drivers' schedules one day in advance of the scheduled work day and requires all drivers to be ready to begin any shift ten minutes prior to the start time of the shift. (*Id*. at ¶¶ 10, 16). According to Plaintiff, Bell frequently changed the schedule to give other less senior, non-homosexual drivers opportunities to earn unscheduled overtime hours[4] and disproportionately enforced Defendant's ten-minute policy against him. (*Id*.). Plaintiff contends that these allegedly discriminatory actions were motivated by his sexual orientation. (*Id*. at ¶ 10).

---

[3] Plaintiff alleges only one Count in his Amended Complaint. (Doc. # 4 at 5-6). However, because his Amended Complaint includes allegations relating to discrimination and retaliation based on his sexual orientation, the court analyzes both and concludes that Plaintiff's claims are due to be dismissed.

[4] In his Amended Complaint, Plaintiff alleges that he included an attachment labeled as Exhibit A, which is supposedly a chart showing the overtime that Plaintiff received compared to the overtime the other drivers received. (Doc. # 4 at ¶ 15). The court sees no attachment to Plaintiff's Amended Complaint. Although Defendant's Motion to Strike largely focuses on this attachment (Doc. # 9-3), the court will not consider Exhibit A in its analysis below since it is not attached to the Amended Complaint.

In support of this contention, Plaintiff alleges that in July 2017, Bell chose several employees to travel to North Carolina to drive a number of school buses back to Birmingham, Alabama. (*Id*. at ¶ 11). Bell did not invite Plaintiff to participate in the trip. (*Id*.). Plaintiff claims that during this trip, Bell asked another employee how long Plaintiff had been a homosexual. (*Id*.). Plaintiff also claims that Bell told the employee "that she had tried to get along with Plaintiff, but he would not accept her attempts to be nice to him." (*Id*.).

Additionally, Plaintiff alleges that he repeatedly submitted written complaints to his supervisors, Peter Walcott and Allen E. Perdue, Jr. (*Id*. at ¶ 7). Specifically, he complained that Bell assigned him overtime work hours less frequently than other less senior, non-homosexual drivers because of his sexual orientation. (*Id*.). However, Plaintiff avers that Defendant's allegedly discriminatory actions continued despite his complaints. (*Id*. at ¶¶ 7-8).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis

For the reasons explained below, the court concludes that Defendant's Motion to Strike is due to be denied, but Defendant's Motion to Dismiss is due to be granted.

#### A. Defendant's Motion to Strike is Due to be Denied

Defendant's Motion seeks to strike certain portions of Plaintiff's Amended Complaint that Defendant argues contain hearsay statements. (*See generally* Doc. # 9). Federal Rule of Civil Procedure 12(f) states that a court "may strike from a pleading…any redundant, immaterial, or

scandalous matter." Federal Rule of Civil Procedure 12(f). However, "a motion to strike is a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Foshee v. LVNV Funding, LLC*, 2012 WL 4761746, at *1 (N.D. Ala. Aug. 28, 2012) (quoting *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). To be sure, "a motion to strike should be denied unless the challenged allegations in the complaint have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Foshee*, 2012 WL 4761746, at *1 (internal quotations omitted).

In its reply brief, Defendant concedes that its Motion to Strike is premature and due to be denied. (Doc. # 15 at 1-2). The court agrees. At this time, Defendant cannot show that the challenged allegations "are so unrelated to [Plaintiff's] claims as to be unworthy of any consideration as a defense" or that "their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Foshee*, 2012 WL 4761746, at *1 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004)). Accordingly, Defendant's Motion to Strike is denied.

### B. Defendant's Motion to Dismiss is Due to be Granted

Title VII prohibits employers from discriminating against employees on the basis of race, color, national origin, sex, and religion. 42 U.S.C. § 2000e-2. Title VII also contains an anti-retaliation provision, which makes it an "unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Plaintiff claims that Defendant discriminated and retaliated against him "based on his different sexual orientation as a male homosexual." (Doc. # 4 at ¶¶ 17-22). In its original Motion to Dismiss, Defendant argues Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to (1) identify similarly

5

situated comparators outside his protected class that were treated more favorably (Doc. # 11 at 4-9) and (2) sufficiently plead that he engaged in statutorily protected activity under Title VII's "opposition clause" because Defendant had a valid reason to deny him the extra work (*Id*. at 9-11). Defendant's supplemental brief, however, asserts a more foundational problem with Plaintiff's claims—binding Eleventh Circuit caselaw bars Title VII discrimination claims based on sexual orientation. (Doc. # 20). For the reasons explained below, the court finds that Plaintiff's claims for Title VII discrimination and retaliation are due to be dismissed.[5]

### i. Plaintiff's Claims for Title VII Discrimination and Retaliation Based on His Sexual Orientation Fail as a Matter of Law

Beginning with Plaintiff's claim that Defendant discriminated against him because of his sexual orientation, in this Circuit, such a claim is invalid as a matter of law under *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017). *See also Bostock v. Clayton Cty. Bd. of Commissioners*, 723 F. App'x 964 (11th Cir. 2018), *cert. granted*, 139 S. Ct. 1599 (U.S. April 22, 2019) (No. 17-1618) (reaffirming the holding in *Evans*). In *Evans*, the Eleventh Circuit reaffirmed that sexual orientation is not a protected classification under Title VII. *Id*. at 1255-57; *see also Fredette v. BVP Mgmt. Assocs.*, 112 F.3d 1503, 1510 (11th Cir. 1997); *see also Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979)[6]. Therefore, Plaintiff's discrimination claim "based on his different sexual orientation as a male homosexual" is due to be dismissed.[7]

---

[5] Because the court dismisses Plaintiff's claims on the more compelling grounds raised in Defendant's supplemental brief (Doc. # 20), it need not address Defendant's other arguments for dismissal.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before September 30, 1981.

[7] In his supplemental brief, Plaintiff relies exclusively on the non-binding case, *Winstead v. Lafayette Cty. Bd. of Cty. Commissioners*, 197 F. Supp. 3d 1334 (N.D. Fla. 2016). In *Winstead*, the court concluded that discrimination based on perceived (or actual) sexual orientation was actionable under Title VII as discrimination based on gender or sex stereotypes. *Id*. at 1342-47. The court reasoned that "[w]ithout controlling authority from the Eleventh

6

By contrast, a discrimination claim based on gender non-conformity is actionable under Title VII. *Evans*, 850 F.3d at 1254-55; *see also Glenn v. Brumby*, 663 F.3d 1312, 1216 (11th Cir. 2011) ("Title VII bar[s] not just discrimination because of biological sex, but also gender stereotyping—failing to act and appear according to expectations defined by gender."). As currently plead, however, Plaintiff's Amended Complaint does not contain any factual allegations which support a Title VII claim for discrimination based on gender non-conformity. Indeed, the Amended Complaint is completely devoid of any allegations suggesting that Plaintiff's failure to conform with male gender stereotypes motivated any materially adverse action. Plaintiff alleges only that Defendant discriminated against him because he is a homosexual—*i.e.*, based on his different sexuality and because of his different sexual orientation. (*See* Doc. # 4 at ¶¶ 5-10, 12, 15, 18-21). These allegations relate exclusively to Plaintiff's specific claim that he is a homosexual. (Doc. # 4 at ¶ 6).

Of course, based upon current binding Eleventh Circuit law, such allegations fail to state a claim. *Evans*, 850 F.3d at 1254-55. To hold otherwise would "recast[] homosexuality as a species of gender non-conformity" and "eviscerate the distinction between sexual orientation and gender non-conformity under Title VII." *Adams v. Jefferson Cty. Dep't of Health*, 2018 WL 3819834, at *11, n. 9 (N.D. Ala. Aug. 10, 2018) (recalling that the allegations in plaintiff's original complaint

---

Circuit, the question of whether sexual orientation claims are cognizable under Title VII is 'an open one.'" *Id*. at 1342 (quoting *Isaacs v. Felder Servs., LLC*, 143 F. Supp. 3d 1190, 1193 (M.D. Ala. Oct. 29, 2015)). At the time *Winstead* was decided in 2016, that might have been a true statement. However, in light of the Eleventh Circuit's *binding* decisions in *Evans* (decided in 2017) and *Bostock* (decided in 2018), the question of whether discrimination based on sexual orientation is actionable under Title VII is now resolved in this Circuit.

     As an aside, the court recognizes that there is a circuit split on the viability of Title VII claims asserting discrimination based on sexual orientation. While the Eleventh Circuit holds that Title VII's prohibition of sex-based discrimination does not extend to such claims (as alleged here), the Seventh and Second Circuits have ruled to the contrary. *See Hively v. Ivy Tech Cmty. Coll. of Indiana*, 853 F.3d 339 (7th Cir. 2017) (en banc); *see also Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) (en banc). Regardless of Plaintiff's assertion that the present trend of the law suggests that this this type of claim *should* be recognized (Doc. # 19 at 2, 14), even where there is a circuit split, this court is obligated to follow the Eleventh Circuit's law on the question.

relating to defendant's intolerance of her "lesbian lifestyle" was not sufficient to state a claim for discrimination based on gender non-conformity).

Likewise, Plaintiff's retaliation claim fails as a matter of law because he cannot demonstrate that he engaged in statutorily protected activity under Title VII's opposition clause. The opposition clause provides that "an employer may not retaliate against an employee because the employee 'has opposed any practice made an unlawful employment practice by this subchapter.'" *E.E.O.C. v. Total System Services, Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (citing 42 U.S.C. § 2000e–3(a)). To satisfy the opposition clause, Plaintiff "need not prove that the practice opposed actually violated Title VII in order to recover for retaliation." *Watkins v. Fairfield Nursing & Rehab. Ctr., LLC*, 2012 WL 1566228, at *4 (N.D. Ala. Apr. 26, 2012) (citing *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1187 (11th Cir. 2001)). However, he must demonstrate "a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Id*. at *5 (citing *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956, 960 (11th Cir. 1997)). In determining the reasonableness of Plaintiff's belief, "the court must consider preexisting case law." *Id*.

Under this standard, Plaintiff's Amended Complaint contains an incurable problem. Plaintiff's alleged complaints to his supervisors that he was being assigned less overtime work than less senior, non-homosexual drivers cannot amount to protected activity for Title VII purposes. This is so because Plaintiff could not have had an objectively reasonable belief that Defendant's actions were discriminatory under Title VII. Again, under the law of the Eleventh Circuit, sex discrimination does not encompass claims of discrimination based on sexual orientation. *Evans*, 850 F.3d at 1255-57. Thus, as a matter of law, Plaintiff cannot demonstrate that he held a reasonable belief that discrimination based on sexual orientation was an unlawful

8

employment practice. *See Brakeman v. BBVA Compass*, 2018 WL 3328909, at *16-17 (N.D. Ala. July 6, 2018); *see also Watkins*, 2012 WL 1566228, at *4 (dismissing plaintiff's retaliation claim on a motion to dismiss because, as a matter of law, plaintiff could not demonstrate that she held a reasonable belief that gender-neutral paramour favoritism violated Title VII). Consequently, the court concludes that it is appropriate to dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief can be granted.

### ii. Plaintiff Has Failed to Plead the Exhaustion of Administrative Remedies

Additionally and alternatively, Plaintiff's Title VII claims are due to be dismissed without prejudice because he has not alleged in his Amended Complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled." *Turner v. AMICO*, 2015 WL 7770232, at *4 (N.D. Ala. Dec. 3, 2015) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1983) (quoting Federal Rule of Civil Procedure 9(c) and finding that plaintiffs must allege that they have satisfied the conditions precedent to a Title VII action)). Before bringing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(b). However, his Amended Complaint does not contain even a general allegation that he exhausted his administrative remedies or filed a timely EEOC charge describing the allegedly discriminatory acts. As a result, Plaintiff's Title VII claims are due to be dismissed without prejudice for failure to state a claim because he has not alleged that he satisfied the condition precedent of exhausting his administrative remedies under Title VII.

**IV.    Conclusion**

For the reasons stated above, Defendant's Motion to Strike is due to be denied, and its Motion to Dismiss is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 7, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE